O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| FLAVIO DE LA ROSA LUNA, et al.<br><br>        Plaintiffs,<br><br>    v.<br><br>FCA US, LLC, et al.<br><br>        Defendants. | Case No. 2:20-cv-2354-ODW (ASx)<br><br>**ORDER GRANTING MOTION TO REMAND [11]** |

## I. INTRODUCTION

Plaintiffs Flavio De La Rosa Luna, Filomena Cordero Poblano, and Humberto Ortiz ("Plaintiffs") seek to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction ("Motion"). (Mot. to Remand ("Mot."), ECF No. 11.) Plaintiffs argue Defendant FCA US, LLC ("FCA") failed to establish diversity jurisdiction under 28 U.S.C. § 1332 on removal because Defendant Los Angeles Motor Cars, Inc. dba Los Angeles Chrysler Dodge Jeep Ram ("LA Motor") destroys complete diversity. (Mot. 1; Opp'n to Mot. ("Opp'n") 6, ECF No. 12.) For the reasons discussed below, the Court finds it lacks subject matter jurisdiction and consequently **REMANDS** this action.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiffs purchased a 2017 Chrysler Pacifica, VIN 2C4RC1BG6HR505976 (the "Vehicle") "which was manufactured and or distributed by Defendant FCA." (Decl. of Monica Y. Hernandez Ex. A ("Compl.") ¶ 8, ECF No. 1-3.) Plaintiffs allege that the Vehicle "contained or developed defects" during the warranty period. (Compl. ¶ 10.) On February 5, 2020, Plaintiffs commenced this action in Los Angeles County Superior Court. (Notice of Removal ("Notice") ¶ 2, ECF No. 1.) Plaintiffs assert various causes of action against both defendants, including a negligent repair claim against LA Motor, an FCA repair services representative. (Compl. ¶¶ 58–62.)

On March 11, 2020, FCA removed the action to federal court based on alleged federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of California and FCA is limited liability company organized under Delaware law with its principal place of business in Michigan. (Notice ¶¶ 27–28.) FCA contends that even though LA Motor is a non-diverse party, a business organized under the laws of California, the Court should disregard its citizenship because it is fraudulently joined. (Notice ¶¶ 30–32.)

On April 7, 2020, Plaintiffs filed the instant motion to remand the action on the grounds that LA Motor destroys complete diversity, among other arguments. (Mot. 7–13.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The

party seeking removal bears the burden of establishing federal jurisdiction. *Gaus*, 980 F.2d at 566.

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The court must remand the action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

This case turns on the existence of complete diversity. FCA invokes diversity as the basis of the Court's subject matter jurisdiction. (*See* Notice.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity" where the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Plaintiffs allege LA Motor's citizenship defeats complete diversity because Plaintiffs and LA Motor are citizens of California. (Compl. ¶¶ 2, 5.) FCA agrees LA Motor is a non-diverse party. (Opp'n 19.) However, FCA argues the Court should disregard LA Motor's citizenship because LA Motor is fraudulently joined. (Opp'n 19–23.) The Court disagrees.

Fraudulent joinder exists where a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Rangel v. Bridgestone Retail Oper., LLC*, 200 F. Supp. 3d 1024, 1030 (C.D. Cal. 2016) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). To prove fraudulent joinder, a defendant "must do more than show that the

complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Instead, a defendant must demonstrate "there is no possibility that the plaintiff could prevail on *any* cause of action it brought against the non-diverse defendant." *Id.* (emphasis added); *see Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.")

Furthermore, a defendant must prove fraudulent joinder through clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The Court may consider summary judgment-type evidence like affidavits and depositions. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). A court must remand "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla*, 697 F. Supp. 2d at 1159 (internal quotation marks omitted); *see also Rangel*, 200 F. Supp. 3d at 1033.

FCA contends the Court should disregard the California citizenship of LA Motor because (1) the economic loss rule bars plaintiff's negligent repair claim, (2) Plaintiff's allegations are insufficient to support the negligent repair claim, and (3) Plaintiffs lack privity with LA Motor to raise a claim for implied warranty of merchantability. (Opp'n 20–23.)

**A.     Economic Loss Rule**

The Court first addresses whether the economic loss rule bars Plaintiffs' negligent repair claim against LA Motor. In California, "[o]ne who undertakes repairs has a duty arising in tort to do them without negligence." *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 840–41 (C.D. Cal. 2019) (citing *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970)). To succeed in a claim for negligent repair, a plaintiff must establish the elements of negligence: duty,

breach, causation, and damages. *Id.* at 840 (citing *Burgess v. Super. Ct.*, 2 Cal. 4th 1064, 1072 (1992)).

Typically, "[t]he economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). However, California courts have found exceptions to the economic loss rule: (1) where the contract at issue was for services, rather than goods, or (2) where the product defect causes damage to property other than the product itself. *Robinson Helicopter Co.*, 34 Cal. 4th at 989; *N. Am. Chem. Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 780–81 (1997); *see also Sabicer*, 362 F. Supp. 3d at 841 (holding the economic loss rule did not bar recovery in tort for engine damage or vehicle damage both caused by other subcomponents of the vehicle).

Here, both exceptions of the economic loss rule apply. Plaintiffs allege LA Motor failed to "properly store, prepare and repair" the Vehicle, resulting in damages. (Compl. ¶ 61.) This allegation triggers the first exception to the economic loss rule in which aggrieved parties may recover tort damages for deficient services. *N. Am. Chem. Co.*, 59 Cal. App. 4th at 780–81. Thus, the Court finds that the first exception may apply. Next, Plaintiffs allege that various components in the Vehicle, including the transmission, are defective and defects caused damages to the Vehicle. (Compl. ¶10.) California courts have found the second exception to the economic loss rule applies in instances where defective parts of a vehicle damaged other parts or the vehicle as a whole. *Sabicer*, 362 F. Supp. 3d at 841. This court, in *Barnett v. FCA US LLC*, held the economic loss rule did not bar a negligence repair claim against a car dealership in a situation almost identical to the instant matter. No. 2:20-cv-03180-ODW (ASx), 2020 WL 2521221, at *3 (C.D. Cal. May 18, 2020). There, the plaintiff "allege[d] defects to various components, including the fuel pressure sensor" among others within their vehicle and FCA's repair representative failed to "properly store, prepare, and repair the Vehicle, which caused them damages." *Id.* at *2–3 (internal

quotation marks omitted). Thus, the Court finds that the second exception may also apply.

As stated in *Barnett*, and repeated now, "FCA studiously ignores the 'growing body of case law recognizing that local dealerships can be liable to plaintiffs who assert negligent repair claims.'" *Barnett*, 2020 WL 2521221, at *3 (quoting *Valenciano v. FCA US LLC*, No. 20-cv-03197-CJC (ASx), 2020 WL 1699552, at *3 (C.D. Cal. Apr. 8, 2020) (collecting cases)). As two exceptions to the economic loss rule may apply, the Court finds that the rule does not preclude Plaintiffs' negligent repair claim.

**B.  Sufficient Facts to State a Viable Negligent Repair Claim**

FCA contends that, even if the Court finds the economic loss rule does not bar the negligent repair claim, Plaintiffs' allegations are insufficient to support the claim. (Opp'n 22–23.) Specifically, FCA contends Plaintiffs failed to provide sufficient facts to allege negligence. (Opp'n 23.)

Here, Plaintiffs allege they delivered the Vehicle to LA Motor for repairs; LA Motor owed them a duty to use ordinary care and skill in the storage, preparation, and repair of the Vehicle; LA Motor breached its duty by failing to properly store, prepare, and repair the Vehicle in accordance with industry standards; and this breach caused Plaintiffs to suffer damages. (Compl. ¶¶ 59–62.) Even if these allegations were insufficient to state a claim, FCA does not carry the burden of establishing that Plaintiffs could not cure the deficiencies by amending it. *Rangel*, 200 F. Supp. 3d at 1033. Consequently, FCA fails to meet its burden.

Plaintiffs may amend their complaint to bring a properly pled negligent repair claim against LA Motor. Therefore, LA Motor is not fraudulently joined, and its citizenship must be considered for purposes of diversity jurisdiction. As Plaintiffs and

LA Motor are citizens of California complete diversity does not exist between the parties. Accordingly, the Court **GRANTS** the motion to remand on this basis.[2]

### V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Street, Los Angeles, CA 90012, Case No. 20STCV04726.

**IT IS SO ORDERED.**

**July 31, 2020**

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] As the Court finds this issue to be dispositive, it declines to address the other arguments raised in the Motion.